# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-1282V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| ADRIAN CORDOVA, IV, | * |
| Petitioner, | * Chief Special Master Corcoran |
| v. | * Filed: November 22, 2021 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * *

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, Petitioner.

*Traci R. Patton,* U.S. Dep't of Justice, Washington, DC, Respondent.

### **DECISION GRANTING ATTORNEY'S FEES AND COSTS**[1]

On September 18, 2017, Erika Hicks, guardian of minor child, A.C., filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged A.C. had experienced alopecia areata ("AA") due to the administration of the human papillomavirus ("HPV") vaccine. Petition (ECF No. 1) at 1. By Order dated June 1, 2021, the case caption was changed to A.C.'s full name, Adrian Cordova, IV to appear as Petitioner. Order, dated June 1, 2021 (ECF No. 81).

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Later, in a ruling on the record, I found that Petitioner had not met his burden of showing that the HPV vaccine caused or significantly aggravated his AA. Decision, dated June 23, 2021 (ECF No. 83). That determination was not appealed.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Nov. 6, 2021 (ECF No. 88) ("Final Fees Mot."). Petitioner requests $49,042.83 in fees and costs—$36,209.30 for the work of three attorneys (Ms. Amy A. Senerth, Mr. Max Muller, and Mr. Paul Brazil) plus a number of paralegals, and $12,833.53 for experts, medical records, and other litigation expenses. Final Fees Mot. at 2. Respondent reacted to the fees request on November 10, 2021. *See* Response, dated Nov. 10, 2021 (ECF No. 89) ("Response"). Respondent expressed the view that the Vaccine Act's requirements for an award in this case had been met, but requested that I apply "discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of $49,022.83.

## ANALYSIS

**I.     Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to *successful* petitioners, a special master *may* also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, reasonable basis is only a threshold requirement in unsuccessful cases—establishing it does not *obligate* a special master to award fees, and the calculation of the sum to be awarded is otherwise subject to the same reasonableness standards governing all fees determinations.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim* itself—counsel's conduct in prosecuting the claim is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what was learned about the evidentiary support for the claim as the matter progressed. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3]

Although Petitioner did not succeed on his claim, I find that sufficient reasonable basis supported it to allow an award of fees. The complained-of injury, AA, is unquestionably an autoimmune disease, and although its triggers are not well understood, it has been found in other reasoned cases to be vaccine-caused (and by the causal mechanism proposed in this case). Decision at 19–20. Petitioner only failed to establish an association between HPV and AA. *Id.* at 21. And he demonstrated an actual injury, and offered a reasonable expert opinion to support it.

**II.   Calculation of Fees**

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method— "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys and support staff, based on the years work was performed:

| **Attorney** | 2017 | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|---|
| **Ms. Amy A Senerth, Esq.** | $225.00 | $233.00 | $250.00 | $275.00 | $300.00 |
| **Mr. Max Muller, Esq.** | -- | $317.00 | -- | -- | -- |
| **Mr. Paul Brazil, Esq.** | $300.00 | -- | -- | -- | -- |
| **Paralegal** | | | | | |
| **Stacey Bowman** | $125.00 | $125.00 | -- | -- | -- |
| **Maria Loecker** | $140.00 | $140.00 | -- | -- | -- |
| **Katy Yoos** | $165.00 | $165.00 | -- | -- | $165.00 |
| **Trudy Messer** | $125.00 | -- | -- | -- | -- |
| **Michelle Coles** | $125.00 | $125.00 | -- | -- | -- |
| **Stacie Bole** | -- | $125.00 | $125.00 | -- | -- |
| **Ginny Schaffer** | -- | $125.00 | -- | -- | -- |
| **Marcela Semerth** | -- | $125.00 | -- | -- | -- |
| **Tereza Pavlacsek** | -- | $125.00 | $140.00 | $140.00 | $160.00 |
| **Erik Pavlacsek** | -- | -- | -- | -- | $125.00 |

Final Fees Mot. at 5–20.

Ms. Senerth, Mr. Muller, and Mr. Brazil practice in Dresher, Pennsylvania—a jurisdiction that has been deemed "in forum." Accordingly, they are entitled to the rates established in *McCulloch*. *See Colagreco v. Sec'y of Health & Hum. Servs.*, No. 14-465V, 2016 WL 6518579,

at *2 (Fed. Cl. Spec. Mstr. Sept. 26, 2016). The rates requested for Ms. Senerth are also consistent with what has previously been awarded for her time, in accordance with the Office of Special Masters' fee schedule and previous interim fees in this case.[4] *Edwards v. Sec'y of Health & Hum. Servs.*, No. 19-338V, 2021 WL 5026824 at *2 (Fed. Cl. Spec. Mstr. Sept. 29, 2021). The same is true for Messrs. Muller and Brazil. *Kern v. Sec'y of Health & Hum. Servs.*, No. 16-150, 2020 WL 8674682, at *2 (Fed. Cl. Spec. Mstr. Dec. 9, 2020) (setting the rate of Mr. Muller); *Spataro v. Sec'y of Health & Hum. Servs.*, No. 17-1576V, 2021 WL 5024482, at *2 (Fed. Cl. Spec. Mstr. Oct. 8, 2021) (setting Mr. Brazil's rate). I thus find no cause to reduce them in this instance.

The paralegal rates require some alteration and explanation. As to Ms. Katy Yoos, Petitioner explains she is a nurse and paralegal. Final Fees Motion at 2. While her rate of $165.00 per hour is outside of the relevant ranges for some years, even taking into account her nursing degree, I will award her this hourly rate, since comparably-experienced paralegals have also received a similar higher-than-normal rate. *See,* e.g., *Green v. Sec'y of Health & Hum. Servs.*, No. 15-1447V, 2017 WL 6336776, at *3 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (explaining that being a registered nurse adds value to the role of paralegal). Ms. Tereza Pavlacsek was previously awarded the rate of $140.00 per hour for work performed in 2019 and 2020. *Hock v. Sec'y of Health & Hum. Servs.*, No. 17-168V, 2021 WL 1733520, at *2 (Fed. Cl. Spec. Mstr. April 8, 2021). However, because Petitioner has not offered support for paying this paralegal a higher rate for 2021, I will only award $140.00 for this year.

I otherwise make no adjustment to the time devoted to this matter. And since the paralegal rate adjustment involves only one hour of time, the total adjustment is only $20.00 less than requested.

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $12,833.53 in costs, including medical records, expert fees, and filing fees. Final Fees Motion at 22. Dr. Eric Gershwin, the Petitioner's expert, charged $500.00 per hour for

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

11.5 hours, which I find reasonable in terms of rate and time devoted. *Id.* at 24. The other litigation-oriented costs are also acceptable.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, awarding a total of **$49,022.83,** reflecting $36,189.30 in attorney's fees and $12,833.53 in costs, in the form of a check made jointly payable to Petitioner and his attorney Ms. Amy A. Senerth. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.